**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MALLORY WOODFORK, *individually and as administrator of the Estate of* CALVIN CAINS III., *deceased.*<br><br>　　　Plaintiff,<br><br>vs.<br><br>JOSEPH P. LOPINTO, III *et al.*,<br><br>　　　Defendants. | CASE NO.: 2:24-cv-01422 |

**MOTION TO EXTEND TIME FOR SERVICE OF PROCESS
ON DEFENDANT RICKY FUENTES**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff hereby respectfully requests this Court to enlarge the time limit for service of the Complaint and summons on Defendant Ricky Fuentes.

**I.　INTRODUCTION**

Plaintiff has attempted to obtain service on Defendant Fuentes numerous times, using two separate third-party process servers. Despite Plaintiff's diligence, Plaintiff has been unable to obtain service of process on Defendant Fuentes because he appears to be intentionally evading service and Defendant's counsel has not been responsive to requests to effectuate service on Defendant Fuentes. District courts within the Fifth Circuit have consistently held that good cause exists when, like here, the plaintiff is able to establish diligence in attempting obtain service on a defendant. Under Rule 4(m) of the Federal Rules of Civil Procedure, because good cause exists, this Court "must" extend the time for service on Defendant Fuentes.

Even assuming for the sake of argument, however, that Plaintiff was unable to establish good cause for an extension, a discretionary extension would also be warranted. The Fifth Circuit has cautioned that granting a discretionary extension is warranted to avoid the harsh result of

dismissal arising from an expired limitations period, especially when there is no prejudice on the opposing parties. If the Court were to deny Plaintiff an extension to serve Defendant Fuentes, Plaintiff's claim may be forever barred because of the statute of limitations, which would contravene the Fifth Circuit's strong preference for adjudicating cases on the merits. Further, because this case is still in its infancy and discovery has not yet commenced, there will be no prejudice to any party if an extension is granted. Therefore, a discretionary extension is also warranted.

For these reasons and the reasons set forth more fully below, Plaintiff's motion should be granted.

## II. NATURE AND STAGE OF THE PROCEEDING

On June 3, 2024, Plaintiff initiated this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Joseph P. Lopinto, Sheriff of the Jefferson Parish Sheriff's Office; Defendant Clinston Gadea, Defendant Ricky Fuentes, Defendant Ryan Rivette, and Defendant Donald Clogher (the "Arresting Defendants"); and Defendant John Doe #1, Defendant John Doe #2, Defendant John Doe #3 and Defendant John Doea #4-10 (the "John Doe Defendants") who at all times relevant hereto were/are deputies employed by the Jefferson Parish Sheriff's Office and/or Officers at the New Orleans Police Department, alleging the following claims: (1) excessive force against Arresting Defendants; (2) failure to intervene against Arresting Defendants and the John Doe Defendants; and (3) supervisory liability against Defendant Joseph P. Lopinto, including objective indifference—failure to train, screen, and discipline, and ratification by final policymaker. Doc. No. 1.

On June 3, 2024, Plaintiff requested summons to be issued for all Defendants. Doc. No. 4. On July 10, 2024, Plaintiff perfected service on the Defendant Lopinto. On August 7, 2024, Plaintiff perfected service on the Defendant Gadea. On August 7, 2024, Plaintiff perfected

service on the Defendant Rivette. Despite her best efforts, however, Plaintiff has been unable to obtain service on Defendant Fuentes to date.

### III.  FACTUAL BACKGROUND

Since the issuance of the summons, Plaintiff has hired two separate third-party process servers to serve the Complaint and summons upon Defendant Fuentes at his home. The efforts of third-party process servers suggest that Defendant Fuentes has actual notice of the lawsuit and is aware of the multiple service attempts at an address known to be associated with him, which suggests that he is evading service. *See, e.g.*, Exhibit A; Exhibit B.

Specifically, on August 8, 2024, at what is believed to be Defendant Fuentes' home address in Metairie, Louisiana, the process server spoke with a person who resides at the home through an electronic doorbell intercom, known as a Ring doorbell. *See* Ex. A. The resident claimed to be Defendant Fuentes' cousin and advised that he was not home. *Id.* Since this first contact with Defendant Fuentes' cousin, there were five additional, unsuccessful attempts to serve Defendant Fuentes. *Id.* To date, despite the numerous attempts and direct contact with his cousin at Defendant Fuentes' residence, the process server has not been contacted by Defendant Fuentes. *Id.*

The second third-party process server also unsuccessfully attempted to serve Defendant Fuentes once at his place of work and approximately eleven times at his home. *See, e.g.,* Ex. B. The process server spoke with the leasing office at Defendant Fuentes' apartment complex and confirmed that Defendant Fuentes did in fact live at this address, but that he had just left the residence. *Id.* Since then, the third-party process servers have attempted service at Defendant Fuentes' home address on approximately nine additional occasions. *See id.* The most recent contact that the process server had with Defendant Fuentes was on August 29, 2024, where they spoke with Defendant Fuentes on his call box, and he told them that he was heading to work and

3

did not know when he would be back. Shortly after this verbal contact with Defendant Fuentes, on August 31, 2024, the process server made another attempt at service where the leasing office's receptionist stated that Defendant Fuentes told her that he was leaving for vacation with an undisclosed timeline for that vacation.

After multiple attempts at perfecting service at Defendant Fuentes' residence, Plaintiff has also attempted to obtain service on him at his current place of employment on August 20, 2024. *See* Ex. B . While these attempts have also been unsuccessful to date, Plaintiff is continuing to attempt to obtain service on Defendant Fuentes.[1]

## IV.   STATEMENT OF THE ISSUES

There are two potential issues for this Court to decide in adjudicating Plaintiff's Motion to Extend Time for Service of Process on Defendant Fuentes:

1.   Whether good cause exists to extend the time for service of process on Defendant Fuentes; and

2.   Assuming *arguendo* that good cause does not exist, whether the Court should exercise its discretion to extend the time for service of process on Defendant Fuentes.

## V.   STANDARD OF REVIEW

**A.  Good Cause under Fed. R. Civ. P. 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that if the plaintiff shows good cause for the failure to obtain service of process within ninety (90) days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In order to establish good cause, the plaintiff must make "some showing of 'good faith'" and "some reasonable basis for noncompliance within the time specified. . . .'" *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting Charles Alan Wright & Arthur R. Miller, *Federal*

---

[1] Plaintiff is in the process of obtaining an affidavit from one of the third party process servers, detailing their attempts at service, and intend to supplement the affidavit upon receipt.

4

*Practice and Procedure* § 1165 (1969)). "If good cause is present, the district court *must* extend time for service." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original)

### B.  Discretionary Authority under Fed. R. Civ. P. 4(m)

Even if the plaintiff lacks good cause, the court nonetheless has discretion to extend the time for service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). When a dismissal due to a failure to perfect service within ninety (90) days effectively serves as a dismissal with prejudice due to the statute of limitations, the dismissal is warranted only upon a showing of at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Sanders v. Southwestern Bell Telephone Co.*, No. 4:19-CV-04561, 2020 WL 5899122, at *1-2 (S.D. Tex. Sept. 18, 2020) (quoting *Thrasher*, 709 F.3d at 514). When these factors do not support dismissal, justice requires that the time for service be extended so that the matter can be fully adjudicated upon the merits. *See id.* at *3.

## VI.  ARGUMENT

### A.  Good Cause Exists to Enlarge the Time for Service of Process.

Good cause exists and, therefore, the Court must extend the time for service on Defendant Fuentes. Under Rule 4(m), "[i]f good cause is present, the district court *must* extend time for service." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). District courts within the Fifth Circuit have consistently held that when the plaintiff, like here, has made more than a half-hearted effort to obtain service, good cause exists for granting an extension of time for service. *See, e.g., Square D. Co. v. Pioneer Breaker & Supply Co.*, No. A-07-CA-810-SS, 2009 WL 10669216, at *2 (W.D. Tex. Jan. 23, 2009) (granting extension of time when the plaintiff made multiple attempts at service, it was suspected the defendant was intentionally evading service, and no prejudice would result because discovery was in the early

5

stages); *DirecTV, Inc. v. Chan*, No. SA-03-CV-417-RF, 2004 WL 2616304, at *4 (W.D. Tex. Nov. 16, 2004) ("[W]here the plaintiff made several diligent attempts to serve defendants, its ultimate failure to do so effectively does not preclude a finding of good cause."); *Zermeno v. McDonnel Douglas Corp.*, 246 F. Supp. 2d 646, 666-67 (S.D. Tex. 2003) (granting extension of time when the plaintiff made multiple attempts at service and would be severely prejudiced if the case were dismissed); *Gibbons v. Leggett & Platt, Inc.*, No. 302CV0458H, 2002 WL 1812132, at *1 (N.D. Tex. Aug. 5, 2002) (finding good cause where the plaintiff unsuccessfully made multiple attempts at service).

As demonstrated above, Plaintiff has made a concerted effort to serve Defendant Fuentes within the ninety (90) day time-period set forth by Rule 4(m). Plaintiff has made multiple attempts at service, at multiple locations, through two different third-party process servers. Plaintiff is also continuing to attempt to serve Defendant Fuentes at his current place of employment. The number of attempts and the fact that Defendant Fuentes' cousin and his leasing office advised the process servers they would inform Defendant Fuentes that they spoke with a process server, suggests that Defendant Fuentes has actual knowledge of Plaintiff's attempts to serve him and is intentionally evading service. *See* Advisory Committee Note, Subdivision (m) ("Relief may be justified, for example, if … the defendant is evading service or conceals a defect in attempted service."). Accordingly, good cause exists and the Court "must" extend the time for service pursuant to Rule 4(m).

### B. The Circumstances also Weigh in Favor of the Court Exercising Discretion to Extend the Time for Service.

Assuming for the sake of argument good cause does not exist to extend the time for service (it does), a discretionary extension is still nonetheless warranted under the circumstances. The Fifth Circuit has held that a discretionary extension is particularly appropriate to avoid the

harsh result of dismissal arising from an expired limitations period. *See Sanders*, 2020 WL 5899122, at *1-2 (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) and *Thrasher*, 709 F.3d at 512-13). That is especially true when no prejudice will result to the opposing party. *See Square D. Co.*, 2009 WL 10669216, at *2.

Here, if the Court does not grant the requested extension, Plaintiff's claims against Defendant Fuentes may be forever barred from being adjudicated on the merits due to the statute of limitations. It is the clear preference of the Fifth Circuit for matters to be fully adjudicated upon the merits, absent dilatory or contumacious conduct that is not at issue here. *See Thrasher*, 709 F.3d at 512-13 ("Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice."). Further, no prejudice will result to Defendants if the time for service is extended. Discovery has yet to commence and Defendant Joseph P. Lopinto's answer was just recently filed. *See* ECF No. 11. Defendants Clogher, Gadea, and Rivette have been granted an extension of time to file their Answer and their Answer is not yet due. *See* ECF Nos. 9-10. Accordingly, the Court should grant Plaintiff's motion and extend the time for service so that this matter may be fully adjudicated on the merits.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted and the Court should extend the time for Plaintiff to obtain service of process on Defendant Fuentes.

DATED: September 3, 2024

> Respectfully submitted,
>
> */s/ Eli J. Hare*
> Eli J. Hare, La Bar No. 36752
> Diandra S. Debrosse Zimmermann*

**DICELLO LEVITT LLP**
505 20th Street North, 15th Floor
Birmingham, Alabama 35203
(205) 855-5700
ehare@dicellolevitt.com
Fu@dicellolevitt.com

Robert F. DiCello*
Kenneth P. Abbarno*
Joe F. Fouche III*
Jordyn Parks*
**DICELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
jfouche@dicellolevitt.com
rfdicello@dicellolevitt.com
kabbarno@dicellolevitt.com
jparks@dicellolevitt.com

William Most, La. Bar No. 36914
Dave Lanser, La. Bar No. 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com

*Pro Hac Vice* applications forthcoming*
**Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

*/s/ Eli J. Hare*
Eli J. Hare, La Bar No. 36752
**DICELLO LEVITT LLP**

*Counsel for Plaintiff*
