## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MALLORY WOODFORK, ET AL | * | CIVIL ACTION NO: 24-CV-1422 |
| Plaintiff | * | |
| | * | SECTION: G-2 |
| VERSUS | * | |
| | * | JUDGE: BROWN |
| | * | |
| JOSEPH P. LOPINTO, III, ET AL. | * | MAGISTRATE: DOSSIER |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND BY RYAN RIVETTE

**NOW INTO COURT**, through the undersigned counsel, comes Defendant, RYAN RIVETTE, and in Answer to the First Complaint of Plaintiff, R. Doc. 1, respectfully represents:

### INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY

Defendant hereby invokes the defense of qualified immunity, which is a defense to, and bars Plaintiff's suit.

Defendant submits that his actions were objectively reasonable considering the circumstances and the clearly established law at the time.

Defendant submits that Plaintiff has the burden of overcoming the Defendant's defense of qualified immunity.

**AND NOW, IN FURTHER ANSWERING:**

## <u>FIRST DEFENSE</u>

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by Defendant.

## <u>SECOND DEFENSE</u>

The cause in fact of the alleged damages complained of was the acts and/or omissions of Plaintiff and/or Plaintiff's decedent, whose acts and/or omissions should operate as a complete bar to, or diminution of Plaintiff's recovery.

## <u>THIRD DEFENSE</u>

Alternatively, the cause in fact of the alleged damages complained of was the acts and/or omissions of third parties, over whom Defendant had no supervision, control or *guarde*, and for whom Defendant herein cannot be liable.

## <u>FOURTH DEFENSE</u>

The cause in fact of the alleged damages complained of was the acts and/or omissions of the Plaintiff's decedent CALVIN CAINS, whose acts and/or omissions should operate as a complete bar to, or diminution of her recovery.

## <u>FIFTH DEFENSE</u>

In the further alternative, Defendant avers that the Plaintiff assumed the risk of Plaintiff's own injuries.

## SIXTH DEFENSE

In the alternative, and in the event that this Honorable Court should find that the Defendant was guilty of negligence whatsoever, which proximately caused, or contributed to the alleged injuries which the Defendant deny, then Defendant specifically pleads the contributory negligence/comparative fault of **CALVIN CAINS**, the Plaintiff, and **others**, which would mitigate any recovery of the Plaintiff herein.

## SEVENTH DEFENSE

Defendant herein expressly pleads the affirmative defense that the Plaintiff has failed to mitigate her damages.

## EIGHTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the immunity afforded to public officials for acts committed during the course of their official duties.

## NINTH DEFENSE

Defendant specifically pleads that he is entitled to the statutory immunity afforded public officials for discretionary acts as set forth in La. R.S. 9:2798.1.

## TENTH DEFENSE

Defendant specifically pleads that he is entitled to the statutory immunity provided by any and all other applicable immunity statutes. Including La. R.S.

9:2800.10, La. R.S. 9:2800.19, and La. R.S. 9:2793.11 (discretionary immunity).

## ELEVENTH DEFENSE

Defendant avers that at all times pertinent hereto, he was acting in good faith insofar as keeping the peace and enforcing the laws and ordinances of the Parish of Jefferson, and the Constitution and Statutes of the United States of America and the State of Louisiana.

## TWELFTH DEFENSE

All actions taken by Defendant herein were taken in good faith, under the law, and without malice.

## THIRTEENTH DEFENSE

Defendant avers that at all times pertinent hereto, his actions were reasonable, justified and legally permissible under the circumstances.

## FOURTEENTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the defense of qualified immunity as a matter of law, which bars Plaintiff's suit.

## FIFTEENTH DEFENSE

Defendant specifically pleads that the statute of limitations/prescriptive period has lapsed and that Plaintiff's claims are prescribed/time-barred.

## SIXTEENTH DEFENSE

Defendant herein submits that the claims of the Plaintiff are frivolous,

groundless, and/or unreasonable, and, as such, Defendant herein is entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant herein reserves the right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and/or require.

**AND NOW, IN ANSWER TO THE SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT:**

**1.**

The allegations of Paragraphs 2, 3, 20, 28, 29, 77, 81, 82, 83, 84, 85, 86, 87, 104, 106, 107, 108, 109, 110, 111, 113, 119, 137, 147, 149, 155, 160, 162, 163, 190, 199, 200, and 201are DENIED.

**2.**

The allegations of Paragraphs 10, 11, 27, 32, 33, 34, 35, 45, 47, 49, 50, 51, 55, 56, 59, 60, 61, 62, 66, 158, 159, 191, 192, 193, and 195 are DENIED for lack of sufficient information to justify a belief therein at this time.

**3.**

The allegations of Paragraphs 14, 15, 17, 18, 24, 25, 71, 88, 89, 96, 98, 99, 101, 102, 103, 120, 136, 168, 169, 170, 174, 175, 176, 182, 187, and 198 DO NOT

require an answer from this Defendant, but are nonetheless denied out of an abundance of caution.

**4.**

The allegations of Paragraphs 6, 12, 21, 22, 63, 68, 69, are ADMITTED.

**5.**

The allegations of Paragraphs 1, 7, 13, 16, 19, 23, 26, 30, 31, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 48, 52, 53, 54, 57, 58, 64, 65, 67 70, 75, 78, 80, 92, 93, 94, 95, 100, 105, 112, 114, 115, 116, 117, 118, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 138, 139, 140, 141, 142, 143, 145, 146, 148, 150, 151, 152, 153, 154, 156, 157, 161, 165, 166, 167, 171, 172, 173, 177, 178, 179, 180, 181, 186, and 194 are DENIED AS WRITTEN.

**6.**

The allegations in Paragraphs 4, 5, 8, 9, 72, 73, 74, 76, 79, 90, 91, 97, 144, 164, 183, 184, 185, 188, 189, 196 and 197 state conclusions of law that do not require an answer and are otherwise DENIED as written.

## **JURY DEMAND**

Defendant prays that this case be tried before a jury as to all claims by and against all parties.

**WHEREFORE**, SHERIFF JOSEPH P. LOPINTO III, prays that, after due proceedings are had, judgment be rendered in his favor, dismissing the entirety of

Plaintiff's claims, with prejudice, and at Plaintiff's cost.  Defendant further prays for all attorney fees and costs expended in the defense of this suit.  Lastly, Defendant prays for any and all other equitable relief appropriate and to which Defendant is entitled.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (Bar #9012)
FRANZ L. ZIBILICH (T.A.) (Bar #14914)
JEFFREY D. MARTINY (Bar #35012)
JAMES B. MULLALY (Bar #28296)
Email address: danny@martinylaw.com
Email address: fzibilich@gmail.com
Email address: jeff@martinylaw.com
Email address: mulljtc@gmail.com
Attorneys for Ryan Rivette

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2024,1 electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)