UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MALLORY WOODFORK                              CIVIL ACTION

VERSUS                                                      NO. 24-1422

JOSEPH P. LOPINTO, III, et al                    SECTION: G

### SCHEDULING CONFERENCE NOTICE

A scheduling conference was set in this matter for January 14, 2025. Defense counsel informed the Court of its intent to file a Motion to Consolidate with case no. 24-1465 G/2 *Cains v. Lopinto, et al*.  To afford the parties time to consult on this issue, the scheduling conference is RESET for **February 6, 2025 at 10:00 a.m.** Counsel adding new parties subsequent to the mailing of this notice shall notify such new party to participate as required by this notice.

## Counsel and pro se parties must call in to the conference at (833) 990-9400, Access Code 664065948

**TRIAL COUNSEL** are to participate in this conference.  A paralegal or secretary may not be substituted.   If, however, you are unable for good cause to do so, another attorney in your firm may participate if acquainted with all details of the case and authorized to enter into any necessary agreements.   If, for good cause, neither is possible, you must contact the Case Manager at least two days prior to the above date.

### DISCLOSURES:

**In advance of the conference, every party should be familiar with and ensure compliance with F.R.C.P. 7.1.**  This includes the disclosure of parties' citizenship in cases in which jurisdiction is based on diversity. Please see the example *Rule 7.1 Disclosure Statement* on the Court's website for more information.

**Counsel are to also comply with the corporate disclosure requirements of F.R.C.P. 7.1.**

**Except in cases exempt from initial disclosures pursuant to F.R.C.P. 26(a)(1)(B), the parties must confer with each other at least 7 days before the Scheduling Conference to make initial disclosures.**

**COMPLIANCE IN CASES BEFORE CHIEF JUDGE BROWN:**

Counsel should familiarize themselves with the information found on Judge Brown's webpage of the court website.

When the parties confer at least 7 days before the Scheduling Conference, they should make their Rule 26 initial disclosures. If they are unable to make all Rule 26 disclosures during the parties' conference, they should do so either prior to the Scheduling Conference, but in no event no later than 7 days after the Scheduling Conference.

**The Court will not allow the parties to waive Rule 26 initial disclosures, alter the deadline within which to make Rule 26 disclosures, or agree to stay discovery, without prior approval from the Court.** The purpose for this is to alert the Court of motions needing resolution or other matters to be decided which may be interfering with the parties' ability to make disclosures or conduct discovery.

The Case Manager is not authorized to grant any exceptions to the Court's Scheduling Order or to any rule or policy set out on this Court's webpage. Parties wanting to request modification of the Court's Scheduling Order must request a status conference specifically identifying the purpose and attach their request for modification of the Scheduling Order. The Court may or may not grant a status conference prior to ruling on requests for modification of its Scheduling Order.

Typically, discovery will not be stayed pending the Court's ruling on motions (even motions to dismiss or motions to remand). Claims are pending until they are dismissed, and therefore, they are subject to disclosure and discovery.

January 14, 2025

                                              ISSUED BY:  Morgan Palmer
                                                                       Case Manager
                                                                       morgan_palmer@laed.uscourts.gov