UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALLORY WOODFORK, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1422 c/w 24-1465** |
| **JOSEPH P. LOPINTO III, et al** | **SECTION "G" (2)** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
UNOPPOSED MOTION TO CONTINUE THE TRIAL AND PRETRIAL
<u>DEADLINES IN THIS MATTER</u>**

**MAY IT PLEASE THE COURT:**

The Defendants in the above consolidated cases have moved this Honorable Court to continue the jury trial in this matter currently set for **March 2, 2026,** as well as all pretrial deadlines currently in place. The grounds for this Motion are that lead counsel for the Defendants, Franz L. Zibilich, was appointed by the Louisiana Supreme Court to sit as a judge in Section J of the Criminal District Court in New Orleans and will be unable to participate in the defense of this case.

Defendants submit that good cause exists for the granting of this Motion as set forth below.

Defendants further submit that counsel for all Plaintiffs were contacted and there is no opposition to this Motion.

1

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

    A.      **BACKGROUND**

This case arises out of the **June 6, 2023**, Officer involved shooting of Calvin Cains, III.

Plaintiff, Mallory Woodfork, filed her suit on **June 3, 2024**. R. Doc. 1 in Civil Action No. 24-1422. Plaintiff Calvin Cains, Jr., filed his suit on **June 6, 2024**. R. Doc. 1 in Civil Action No. 24-1465.

On **February 11, 2025**, this Court consolidated the two cases upon finding that "the two actions involve similar parties and arise out of the same occurrence." R. Doc. 32.

The controlling Scheduling Order is that of this Court, which was entered on **February 6, 2025**. R. Doc. 30.

    B.      **CURRENT SCHEDULING ORDER DEADLINES**

The trial of this matter is currently set to commence on **March 2, 2026**, with a final Pre-Trial Conference scheduled to be held on **February 10, 2026**. R. Doc. 30. Plaintiffs' expert reports are due by **October 20, 2025**, and the Defendants' **September 17, 2025**. *Id*. The deadline for all discovery is **December 12, 2025**. *Id*.

### C.     Relevant Facts in Support of Motion

Lead Counsel for the Defendants, Franz L. Zibilich, was appointed by the Louisiana Supreme Court to sit as a judge in Section J of the Criminal District Court in New Orleans and will be unable to participate in the defense of this case until his appointment ends sometime after the trial. Mr. Zibilich was appointed after the Judge in Section J retired. He was appointed to oversee a large docket to move cases and make the docket manageable before the seat is filled.

While Mr. Zibilich's appointment is temporary, it will not end prior to the trial of this matter. As a result, Mr. Zibilich, if the cases are not continued, would be unable to participate, which would prejudice the Defendants by depriving them of the counsel of their choosing.

Therefore, Defendants bring the present motion.

This Motion is unopposed.

## LAW AND ARGUMENT

Defendants request that this Honorable Court continue the jury trial in this matter currently set for **March 2, 2026**.

Defendants submit that good cause exists for the granting of this Motion as set forth below.

Defendants further submit that the Plaintiffs have no opposition to this Motion.

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The U.S. Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), aff'd, 679 F.3d 323 (5th Cir. 2012).

"The Trial Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial." *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960).

4

## III.   ANALYSIS

Here, good cause exists to grant this motion as all the foregoing elements are met.

### A.   THE PARTY'S EXPLANATION FOR THE REQUESTED CONTINUANCE.

Lead Counsel for the Defendants, Franz L. Zibilich, was appointed by the Louisiana Supreme Court to sit as a judge in Section J of the Criminal District Court in New Orleans and will be unable to participate in the defense of this case until his appointment ends sometime after this trial. Mr. Zibilich was appointed after the Judge in Section J retired. He was appointed to oversee a large docket to move cases and make the docket manageable before the seat is filled.

While Mr. Zibilich's appointment is temporary, it will not end prior to the trial of this matter. As a result, Mr. Zibilich, if the cases are not continued, would be unable to participate, which would prejudice the Defendants by depriving them of the counsel of their choosing.

Defendants further submit that this motion is not being filed for any dilatory or improper purpose. The parties here have been diligent in their efforts to prosecute and defend this case. This motion was born out of necessity, not a lack of diligence or as a delay tactic.

    **B.**    **THE IMPORTANCE OF THE REQUESTED CONTINUANCE.**

This factor cannot be overstated. By continuing the trial of this case to ensure that the matter is presented in a manner befitting the significance of the issues presented is in the interests of the parties, the Court, and the public.

    **C.**    **THE POTENTIAL PREJUDICE IN GRANTING THE CONTINUANCE.**

As above, the purpose of the continuance is to avoid any prejudice to any party. No party will be prejudiced by the granting of this Motion.

    **D.**    **THE AVAILABILITY OF A CONTINUANCE TO CURE SUCH PREJUDICE.**

The factor is not applicable, as the Defendants are asking for a continuance.

## CONCLUSION

For the reasons outlined above, Defendants pray that this Motion be GRANTED and the trial of this matter be continued and reset.

Respectfully submitted:

**MARTINY & ASSOCIATES, L.L.C.**

/s/ James B. Mullaly

_____
DANIEL R. MARTINY (Bar # 9012)
JEFFREY D. MARTINY (Bar # 35012)
JAMES B. MULLALY (Bar # 28296)
FRANZ L. ZIBILICH (Bar # 14914)
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
Email: jeff@martinylaw.com

Email: mulljtc@gmail.com
*Counsel for the Defendants*

## **C E R T I F I C A T E**

The undersigned certifies that the foregoing motion was served upon all counsel of record via electronic CM/ECF filing this 17th day of October 2025.

/s/ James B. Mullaly

_____
**JAMES B. MULLALY**