**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MALLORY WOODFORK, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-1422** |
| | **c/w 24-1465** |
| **JOSEPH P. LOPINTO III, ET AL.** | **SECTION: "G"(2)** |

## ORDER

Before the Court are Defendants Joseph P. Lopinto III, Donald Clogher, Ricky Fuentes, Clinston Gadea, and Ryan Rivette's (collectively, "Defendants") Unopposed Motion to Continue Trial and Unopposed Motion for Expedited Consideration.[1] Defendants request a continuance of the March 2, 2026 trial date in this matter.[2] Defendants represent that a continuance is needed because their lead counsel, Franz L. Ziblich, was recently appointed by the Louisiana Supreme Court to fill a vacancy on the Criminal District Court for the Parish of Orleans.[3] While the appointment is temporary, Defendants represent it will not end before the current trial date, and they assert they will be prejudiced if the trial date is not continued.[4] Plaintiffs consent to this motion.

Federal district courts have the inherent power to enforce their scheduling orders,[5] and

---

[1] Rec. Docs. 36, 37.

[2] Rec. Docs. 36-1.

[3] *Id.*

[4] *Id.*

[5] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v.*

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[6] Whether to grant or deny a continuance is within the sound discretion of the trial court.[7] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[8]

Here, the Court finds that Defendants have established good cause for a continuance of the trial date and pretrial deadlines. Lead counsel for Defendants was recently appointed to serve as a state court judge on an interim basis. The current pretrial deadlines would not allow sufficient time for new counsel to take over defense of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion to Continue Trial and Unopposed Motion for Expedited Consideration[9] are **GRANTED.**

**IT IS FURTHER ORDERED** that the parties must contact the Court's case manager within 14 days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new pretrial deadlines.

**NEW ORLEANS, LOUISIANA**, this  21st day of October, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

*Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[6] Fed. R. Civ. P. 16(b)(4).

[7] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[8] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[9] Rec. Docs. 36, 37.

2