# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MALLORY WOODFORK, *individually and as administrator of the Estate of* CALVIN CAINS III., *deceased.*

    Plaintiff,

vs.

JOSEPH P. LOPINTO, III *et al*.,

    Defendants.

CASE NO.: 2:24-cv-01422

## **UNOPPOSED MOTION FOR A NEW TRIAL DATE**

Plaintiff, Mallory Woodfork, individually and as administrator of the Estate of Calvin Cains, III, deceased, through counsel, hereby move this Honorable Court to grant a new trial date in the present matter or in the alternative grant a sixty-day continuance of the present Scheduling Order. Pursuant to the current Scheduling Order, the discovery cutoff is August 21, 2026, and trial is set for November 9, 2026. As of now, the Parties have exchanged written discovery, and Plaintiff has noticed depositions of all Defendants. However, Plaintiff's counsel received an Order in another matter requiring depositions of twenty-seven clients across various states by August 1, 2026. See Exhibit 1. This unexpected Order has altered Plaintiff's availability to complete all necessary depositions before the current discovery deadline of August 21, 2026, and Plaintiff must cancel the presently scheduled depositions. In addition to these unexpected depositions, between now and August 1, 2026, Plaintiff's counsel must attend four mediations requiring travel further limiting Counsel's availability.

The Parties have worked together diligently to meet the Court's deadline but require additional time to complete the meaningful discovery required in this case. In the interest of

keeping the record clean and limiting additional continuances, Counsel requests this Court enter a new trial date and generate a new Scheduling Order.

For the aforementioned reasons, Plaintiff submits that this Motion is made on a good faith basis and without the purpose of delay. Plaintiff therefore requests that the Court enter an Order granting a new trial date or in the alternative an Order reflecting a 60-day continuance of the present Scheduling Order.

Respectfully submitted,

/s/ Eli J. Hare
Eli J. Hare (36752)
Diandra S. Debrosse Zimmermann*
**DiCELLO LEVITT LLP**
505 20th Street North, 15th Floor
Birmingham, Alabama 35203
(205) 855-5700
ehare.@dicellolevitt.com
Fu@dicellolevitt.com

Robert F. DiCello*
Kenneth P. Abbarno*
Jordyn Parks*
Joseph Frate*
**DiCELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
rfdicello@dicellolevitt.com
kabbarno@dicellolevitt.com
jparks@dicellolevitt.com
jfrate@dicellolevitt.com

Pro Hac Vice applications forthcoming*
***Counsel for Plaintiffs***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 10, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

*/s/ Eli J. Hare*
Eli J. Hare (36752)
**DiCELLO LEVITT LLP**

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| | MDL No. 3004 |
| This Document Relates to All Cases | |

## ORDER SELECTING SMITH AND DICELLO FIRMS' OPT-OUT CASES FOR LIMITED DISCOVERY

**ROSENSTENGEL, District Judge:**

In April 2025, the Court was advised that the parties had reached a global settlement. Since then, counsel has been working diligently to present settlement offers to individual plaintiffs. While slow, there has been progress.

The Court understands that although many plaintiffs have accepted the settlement offer presented to them, some have not. Notably, a significant number of opt-out cases (cases in which Plaintiff declined the settlement offer) are represented by two firms: The Smith Law Firm, PLLC, and DiCello Levitt LLP. Indeed, based on information submitted to the Court, 100% of Plaintiffs represented by DiCello Levitt LLP refused to accept the settlement offer they received, while over 90% of Plaintiffs represented by The Smith Law Firm PLLC did the same. The Court would like to gain a better understanding of the possible reasons for these exceedingly high opt-out rates.

To that end, the Court has randomly selected a portion (approximately 10%) of each firm's opt-out cases to proceed to initial limited discovery, to be followed by full work-up, on a rolling basis. Depositions will assist the Court in gathering more information on these Plaintiffs and their claims and assist the undersigned in facilitating the expeditious,

Exhibit 1

economical, and just resolution of this litigation, which has been this Court's goal since the MDL's inception.

Accordingly, the Court selects the following cases for limited discovery, defined as the completion of a Plaintiff Fact Sheet (PFS), Plaintiff's deposition, and narrow third-party discovery.[1]

*Plaintiffs represented by The Smith Law Firm:*

| Plaintiff | Case Number |
|---|---|
| Charles Powrie | 3:21-pq-00710-NJR |
| Thomas A Klun | 3:21-pq-00703-NJR |
| David Foy | 3:23-pq-00825-NJR |
| Jose M Alatorre Hernandez | 3:23-pq-00956-NJR |
| Thomas Black | 3:22-pq-03014-NJR |
| David Castillo | 3:23-pq-00076-NJR |
| Zandra Gutierrez | 3:23-pq-02580-NJR |
| David W Gaither | 3:24-pq-01504-NJR |
| Greg F Barnes | 3:24-pq-01744-NJR |
| Leo Rush | 3:22-pq-00310-NJR |
| Mark J Boerschinger | 3:22-pq-00783-NJR |
| Charles B Short | 3:22-pq-00466-NJR |

---

[1] Third-party discovery will be limited to cases where proof of an applicator's license or evidence of a Plaintiff's use of paraquat is lacking. The Court expects it will include subpoenas to retailers to obtain proof of purchase of paraquat or an affidavit (or deposition if necessary) from a supervisor for whom a Plaintiff claims to have worked (in cases where a Plaintiff claims to have worked under his or her supervisor's applicator license). Of course, if a Plaintiff promptly produces this information, it will not be necessary for Defendants to engage in third-party discovery. Moreover, any Plaintiff that has already submitted proof of their applicator's license or evidence of paraquat use need not engage in unnecessary third-party discovery to develop such evidence.

| Plaintiff | Case Number |
|---|---|
| Reymundo Avilez | 3:22-pq-00625-NJR |
| Mary E Black-Stiles | 3:22-pq-00926-NJR |
| Margaret Chapman | 3:22-pq-01484-NJR |
| Gregory Kuebler | 3:22-pq-01476-NJR |
| Robert Carder | 3:22-pq-01493-NJR |
| Mallory Smith | 3:22-pq-01483-NJR |
| Willie Norman | 3:22-pq-01595-NJR |
| Steven L Payne | 3:22-pq-01586-NJR |
| Deanne Kunz | 3:22-pq-02846-NJR |
| Myra McCormick-Barker | 3:22-pq-02856-NJR |
| Patricia Carroll | 3:22-pq-02858-NJR |
| Claude Morgan | 3:22-pq-02882-NJR |
| Carole Owen | 3:22-pq-02880-NJR |
| Joseph E Berger | 3:23-pq-01616-NJR |
| Claude Pate | 3:23-pq-01619-NJR |
| Donald L Eichel | 3:23-pq-01628-NJR |
| Jose E Martinez | 3:23-pq-01945-NJR |
| Leandra L Glazier | 3:23-pq-01946-NJR |
| James Shields | 3:21-pq-01601-NJR |
| Hal Baird | 3:23-pq-00086-NJR |
| Douglas Wheeler | 3:23-pq-00082-NJR |
| Janie Witzel | 3:23-pq-00088-NJR |

| Plaintiff | Case Number |
|---|---|
| Ralph Woolsey | 3:23-pq-00095-NJR |
| Lawrence Powell | 3:23-pq-00093-NJR |
| Shirley Lowe | 3:22-pq-01341-NJR |
| David Valiquette | 3:22-pq-01470-NJR |
| Hector Lara | 3:22-pq-01477-NJR |
| Juan Carrasquillo | 3:22-pq-01480-NJR |
| Milton Romjue | 3:22-pq-02582-NJR |
| Steve Green | 3:22-pq-02859-NJR |
| Patrick Noonan | 3:22-pq-02886-NJR |
| Irma Cisneros | 3:23-pq-01197-NJR |
| Luegenia D Rogers | 3:23-pq-01648-NJR |
| Bob H Wilson | 3:23-pq-01929-NJR |
| Charles Cuka | 3:22-pq-00787-NJR |

*Plaintiffs represented by DiCello Levitt LLP*:

| Plaintiff | Case Number |
|---|---|
| James Crane | 3:21-pq-00656-NJR |
| Charles Gabaldon | 3:21-pq-01668-NJR |
| Donald E Boll | 3:21-pq-01566-NJR |
| Joann Dennis | 3:24-pq-00316-NJR |
| Ronald M Schultz | 3:24-pq-00786-NJR |
| Roy Roden | 3:24-pq-00779-NJR |

Page 4 of 6

| Plaintiff | Case Number |
| --- | --- |
| Roy D Bunch | 3:24-pq-00740-NJR |
| Randy Hobley | 3:24-pq-00381-NJR |
| Leslie R Pogue | 3:24-pq-00931-NJR |
| David F Lewis | 3:24-pq-00918-NJR |
| Daniel L Hoard | 3:24-pq-00867-NJR |
| Michael D Ragsdale | 3:24-pq-01022-NJR |
| Charles J Riley | 3:24-pq-00934-NJR |
| Maria L Martinez-Holland | 3:24-pq-00924-NJR |
| George H Cox | 3:24-pq-00991-NJR |
| Lonnie G Blanton | 3:24-pq-00384-NJR |
| Michael Mcpherren | 3:24-pq-00465-NJR |
| Lowell Wood, Jr. | 3:24-pq-00365-NJR |
| Lonnie E Mcintosh | 3:24-pq-00992-NJR |
| Mary E Massey | 3:24-pq-00925-NJR |
| Judith L Volz | 3:24-pq-00330-NJR |
| William T Bolin | 3:24-pq-00390-NJR |
| George Simons | 3:24-pq-00013-NJR |
| Ryan S Stephens | 3:24-pq-00803-NJR |
| George F Humphrey | 3:24-pq-00324-NJR |
| Catherine S Bartels | 3:24-pq-00737-NJR |
| Abe C Cook | 3:24-pq-00746-NJR |

The above Plaintiffs are **ORDERED** to complete a PFS within **14 days** of this Order. Plaintiffs' depositions shall be completed within **60 days** of this Order. Further discovery may be permitted upon agreement of the parties or with leave of Court.

Counsel shall provide a joint, two-page report summarizing each Plaintiff's testimony to the Court (by email to ParaquatMDL@ilsd.uscourts.gov) *and* to the Special Master (by email to randi@randiellis.com) within **14 days** of each deposition. The report shall include: (1) the individual's age; (2) details regarding exposure, including dates, frequency, type, use of PPE, and consideration of warning labels; (3) date of Parkinson's Disease diagnosis; (4) description of current Parkinson's Disease symptoms and other health concerns, if any; (5) family history of Parkinson's Disease, if any; and (6) any other information that the parties believe is relevant to the individual's claim. To the extent counsel is unable to agree on a summary of the testimony, counsel shall state their respective positions separately within the same document and attach a copy of the complete deposition transcript.

As the case summaries are submitted and reviewed by the Court, additional discovery will be ordered on a rolling basis.

Finally, counsel for these Plaintiffs is reminded that the PFS, just as the Plaintiff Assessment Questionnaire (PAQ), is signed under penalty of perjury. The Court takes these attestations seriously.

**IT IS SO ORDERED.**

**DATED:   June 2, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

Page 6 of 6