**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MALLORY WOODFORK**                                    **CIVIL ACTION**

**VERSUS**                                              **CASE NO. 24-1422**

**JOSEPH P. LOPINTO, III, ET AL.**                      **SECTION: "G"(2)**

**ORDER**

Before the Court is Plaintiff Mallory Woodfork's ("Plaintiff") Unopposed Motion for a New Trial Date.[1] Trial in this matter is scheduled to begin on November 9, 2026, and the deadline for discovery is August 21, 2026. Plaintiff contends that continuance of trial and pretrial deadlines is necessary because Plaintiff's counsel has been ordered to conduct 27 depositions across various states by August 1, 2026. In addition, Plaintiff's counsel explains that she is required to attend four mediations, requiring further travel. For these reasons, Plaintiff argues that good cause exists for a continuance of trial.

Federal district courts have the inherent power to enforce their scheduling orders,[2] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[3] Whether to grant or deny a continuance is within the

---

[1] Rec. Doc. 45.

[2] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[3] Fed. R. Civ. P. 16(b)(4).

1

sound discretion of the trial court.[4] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[5]

The Court finds that good cause exists to modify the Scheduling Order. Plaintiff's counsel represents that her obligations in another matter, including numerous out-of-state depositions and mediations, have substantially impacted her availability to complete discovery in this case. The Court further finds that a continuance will promote the orderly completion of discovery and will not cause prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for a New Trial Date"[6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties must contact the Court's case manager within fourteen days of this Order to conduct a scheduling conference and set a new pretrial conference date, trial date, and new unexpired pretrial deadlines.

**NEW ORLEANS, LOUISIANA**, this 12th day of June, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[4] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[5] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[6] Rec. Doc. 45.